IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN J. SEMAN, ) | CASE NO. 1:13 CV 935 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| LOCAL LODGE 439 INTERNATIONAL ) | |
| ASSOCIATION OF MACHINISTS AND ) | |
| AEROSPACE WORKERS, et al., ) | ORDER ADOPTING MAGISTRATE |
| ) | JUDGE'S REPORT AND |
| Defendant. ) | RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation, (ECF #15), issued on April 4, 2014, is hereby ADOPTED by this Court.

The Plaintiff filed suit on April 13, 2013, claiming the Union breached its duty of fair representation. The Defendants filed a motion to dismiss this case in its entirety under Rule 12(b)(6) of the Federal Rule of Civil Procedure, alleging that the Plaintiff's claim was filed untimely. The Defendants argue that the Plaintiff had notice of the acts giving rise to his claim and subsequently failed to file his action within the six-month statute of limitations period associated with hybrid § 301 actions.

Magistrate Judge Baughman found that the Plaintiff's claim was untimely because the six-month statute of limitations period begins to run once the party has notice (actual or constructive) of the acts constituting the alleged violation *Drake v. Richardson*, 948 F. Supp. 2d 817, 822 (N.D. Ohio 2013). Magistrate Judge Baughman relied upon objective evidence which

showed that the Plaintiff knew, at the very latest, on September 24, 2012, that his grievance had been abandoned, yet he waited until April 13, 2013, to file this action. Mr. Seman timely filed his objections to the Magistrate's Report and Recommendation, and the Defendant filed a Response to Plaintiff's Objections. (ECF #16, #17).

The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). The Court finds that the Plaintiff's objections raise no arguments (factual or legal) that have not been fully addressed by the Magistrate Judge's Report and Recommendation. Even if the Plaintiff's objection that the NLRB claim was not filed until August 3, 2012, is true, there is clear evidence that the Plaintiff knew or should have known prior to this date that his employee-grievance was not being pursued. At the latest, Mr. Seman would have had up until February 3, 2013, to file suit against the Union, however, he did not file this suit until April 13, 2013. Equitable tolling exceptions do not apply here because: (1) the Plaintiff's personal infirmities did not prevent him from filing a NLRB action before his medical restrictions expired on October 15, 2012; and, (2) the Plaintiff's mistaken adherence to Ohio's fifteen-month statute of limitations tolling period does not in itself warrant equitable tolling. *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 561 (6th Cir. 2000). The absence of any evidence which suggests reasons for permitting equitable tolling prevents this Court from extending the statute of limitations in any capacity. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).

The Court finds the Magistrate Judge's Report and Recommendation to be well-supported and correct, and the Plaintiff's objections are unwarranted. Therefore, this court ADOPTS the Magistrate Judge's Report in its entirety. The Defendant's motion to dismiss is GRANTED on the grounds that the Plaintiff's action was untimely.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _June 23, 2014_